

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELISABETH KERNS,

    Plaintiff,

v.

ADVANCED CALL CENTER
TECHNOLOGIES, LLC,

    Defendant.

Case No.: 6:18-cv-956-ORL-41-DCI

## COMPLAINT

Plaintiff, ELISABETH KERNS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant"), alleges as follows:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, (hereinafter "FCCPA"), Fla. Stat. § 559.55 *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### Parties

2. Plaintiff is an adult, natural person residing in the city of Kissimmee, Osceola County, Florida and is otherwise *sui juris*.

3. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3) and Florida Statute §559.55(8) and is allegedly obligated to pay a debt.

4. Defendant is a debt collector conducting business in the state of Florida, and has its principal place of business in Berwyn, Pennsylvania.

5. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

6. At all times referred to in this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers.

## Jurisdiction and Venue

7. Subject-matter jurisdiction of this Court arises pursuant to 15 U.S.C §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained herein.

8. Since Defendant conducts business in Florida, this Honorable Court has personal jurisdiction over Defendant.

9. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C §1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

10. Plaintiff's alleged debt arises from transactions for personal, family, and/or household purposes.

11. On or around August 25, 2017, Plaintiff called Defendant's telephone number (877) 597-1385, spoke to Defendant's female representative, Micah Oakley, and requested that Defendant cease placing the voluminous number of collection calls to Plaintiff. During

the telephone call, Plaintiff told Defendant's representative that Plaintiff did not have the ability to pay the alleged debt at the moment and that Plaintiff would contact Defendant when Plaintiff could afford to begin repayment.

12. Despite the call from Plaintiff to Defendant, after August 25, 2017, Defendant continued constant and incessant collection calls from an automated telephone dialing system to Plaintiff. The calls at issue were made solely to harass Plaintiff and to force payment of an alleged consumer debt at a moment in which Plaintiff admittedly did not have the means to pay said alleged debt.

13. Defendant called Plaintiff's telephone number at (407) 847-XXXX.

14. After Plaintiff's August 25, 2017 request for Defendant to stop calling her, Defendant called Plaintiff at least one hundred eleven (111) times in less than four (4) months, and in some days, Defendant called Plaintiff as many as eight (8) times.

15. Defendant's persistent and continuous telephone calls to Plaintiff caused Plaintiff considerable anxiety and apprehension.

16. As a result of the foregoing, Plaintiff has been damaged and is entitled to relief.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. §1692 *et seq.*

17. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-16.

18. On or around August 25, 2017, Plaintiff called Defendant's telephone number (877) 597-1385, spoke to Defendant's female representative, Micah Oakley, and requested that Defendant cease placing the voluminous number of collection calls to Plaintiff.

19. During August 25, 2017 telephone call between Plaintiff and Micah Oakley, Plaintiff told Micah Oakley that Plaintiff did not have the ability to pay the alleged debt at the moment and that Plaintiff would contact Defendant when Plaintiff could afford to begin repayment.

20. Defendant continued constant and incessant collection calls from an automated telephone dialing system to Plaintiff at her telephone number of (407) 847-XXXX.

21. The calls made by Defendant to Plaintiff were made solely to harass Plaintiff and to force payment of an alleged consumer debt at a moment in which Plaintiff admittedly did not have the means to pay said alleged debt.

22. After Plaintiff's August 25, 2017 request for Defendant to stop calling her, Defendant called Plaintiff at least one hundred eleven (111) times in less than four (4) months, and in some days, Defendant called Plaintiff as many as eight (8) times.

23. Defendant violated §1692d(5) of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant, and in favor of Plaintiff, as follows:

a) Declaring Defendant's action, as described above, to be in violation of the FDCPA;

b) Grating Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

c) Granting Plaintiff actual damages pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonably billed attorneys' fees and litigation costs pursuant to 15 U.S.C. §1692k; and

e) Granting such other and further relief as may be just, proper and equitable.

## COUNT II
## WILLFUL VIOLATIONS OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT FLA. STAT. §559.55 et. seq.

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-16.

25. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute §559.72.

26. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or her family with such frequency as can reasonably be expected to harass the debtor or her or her family.

27. Defendant violated Florida Statute §559.72(7) by willfully engaging in conduct that can reasonably be expected to abuse or harass the debtor or any member of her or her family.

28. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant, and in favor of Plaintiff, as follows:

a) Providing Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

b) Providing Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

c) Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial, valued at no less than $15,000.00;

d) Awarding Plaintiff punitive damages for Defendant's egregious conduct of continuously making automated collection calls even after Plaintiff required

    Defendant to cease and desist from doing so; and

e) Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                 RESPECTFULLY SUBMITTED,

DATED: June 14, 2018

                        BY: /s/ Jason S. Weiss
                            Jason S. Weiss
                            Jason@jswlawyer.com
                            Florida Bar No. 356890
                            **WEISS LAW GROUP, P.A.**
                            5531 N. University Drive, Suite 103
                            Coral Springs, FL 33067
                            Tel: (954) 573-2800
                            Fax: (954) 573-2798
                            *Attorney for Plaintiff*

                            *Pro hac vice* admission
                            request to follow
                            **The Law Offices**
                            **of Jeffrey Lohman, P.C.**
                      By: */s/ Carlos C. Alsina-Batista*
                            Carlos C. Alsina-Batista
                            *Attorney for Plaintiff*